Dear Representative Scott:
This opinion letter is in response to your questions asking:
 1. Can a hospital organized pursuant to Chapter 206, RSMo, invest its funds in institutions outside the geographic boundaries of the hospital district?
 2. Are hospitals organized pursuant to Chapter 206, RSMo, limited to investing in time deposits or their equivalent, such as a certificate of deposit, or can such a hospital invest its funds in other investment vehicles?
 3. Are hospitals organized pursuant to Chapter 206, RSMo, limited to investing in banks or can deposits be made in savings and loan associations?
Chapter 206, RSMo, provides for the creation of hospital districts. Section 206.010.2, RSMo 1986, provides that, "[w]hen a hospital district is organized it shall be a body corporate and political subdivision of the state . . . ." (Emphasis added.)
Your first question asks whether a hospital district can invest its funds outside the geographic boundaries of the hospital district. We presume your question relates to the investment of its funds in financial institutions in the State of Missouri, but outside the boundaries of the particular district. A review of Chapter 206 does not reveal any statutory provision requiring the investment of hospital district funds to be in financial institutions located within the geographic boundaries of the district and does not reveal any statutory provision prohibiting the hospital district from investing its funds in financial institutions outside the geographic boundaries of the district. Therefore, we conclude that a hospital district may invest its funds in financial institutions in the State of Missouri outside the geographic boundaries of the hospital district.
Your second question concerns the investment vehicles available to a hospital district. You have not indicated what particular type of investment vehicle the hospital district may be considering. The general rule regarding the investment of public funds is stated in Bragg City Special Road District v.Johnson, 20 S.W.2d 22, 24 (Mo. 1929) as follows:
 The ruling in the University City Case was made in recognition of the rule followed in this state, and generally followed that the liability of the treasurer of a public corporation for its funds coming into his hands is absolute. . . . The rule is one founded upon considerations of public policy.
See also Missouri Attorney General Opinion No. 49, Kibbe, January 30, 1951, a copy of which is enclosed.
Pursuant to the standard regarding the investment of public funds, such funds should be invested conservatively. Time deposits such as a certificate of deposit would be an appropriate investment. While you have not specified what other investment vehicle the hospital district may be considering, many investment vehicles available to private citizens are not available to a political subdivision. See, for example, Missouri Attorney General Opinion No. 26-88, a copy of which is enclosed, holding that an ambulance district may not invest in mutual fund accounts.
Your third question asks whether a hospital district may deposit its funds in savings and loan associations. Subsection 1 of Section 369.194, RSMo 1986, provides:
 369.194. Accounts declared legal investments for fiduciaries. — 1. Accounts in insured associations are legal and proper investments or depositaries for fiduciaries of every kind and nature, all political subdivisions or instrumentalities of this state, insurance companies, business and nonprofit corporations, charitable or educational corporations or associations, all financial institutions of every kind and character, all pension, endowment and scholarship funds both public and private, and each and all of them may invest funds in accounts in such associations. The director of the division of savings and loan supervision shall by regulation permit associations to pledge funds or assets in connection with the investment of public funds in accounts of associations, and may provide that accounts in associations shall be legal investments for any persons, firms, corporations or entities not herein specifically referred to. Notwithstanding anything to the contrary, accounts prohibited to a mutual association are prohibited to a capital stock association.
* * *
(Emphasis added.)
Based on this statutory provision, a hospital district may deposit its funds in a savings and loan association.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 49, Kibbe, January 30, 1951 Opinion No. 26-88